UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF TEXAS
Austin Division

| | |
|---|---|
| WAGSTAFF & CARTMELL, LLP ) | |
| ) | Civil Case No. 1:21-cv-1023 |
| ) | |
| v. ) | |
| ) | Complaint in Interpleader |
| ) | |
| JUDITH CONNER, JAQUELINE C. LIND, ) | |
| CAROL SAUER, ) | |

INTERPLEADER COMPLAINT

COMES NOW, the Plaintiff, Wagstaff & Cartmell, LLP, and files this Complaint for Interpleader against Carol Sauer, Judith Conner, Jacqueline C. Lind (hereinafter "Defendants") and shows this honorable Court as follows:

**THE PLAINTIFF IN INTERPLEADER**

1. Wagstaff & Cartmell, LLP is a Limited Liability Partnership organized under the laws of the State of Missouri with its principal place of business and primary office located at 4740 Grand Avenue, Suite 300 Kansas City, MO 64112, phone number (816) 701-1100. Service may be perfected upon Wagstaff & Cartmell by Service by serving its Registered Agent, Missouri Corporation #2, Inc. 1010 Walnut Street, Ste. 500, Kansas City, Missouri 64106.

**THE DEFENDANTS IN INTERPLEADER**

2. Carol Sauer is an individual whose last known address is 2500 Barton Creek Blvd., Apt 214, Austin, TX 78735. Service may be perfected upon Ms. Sauer by serving her personally at her home address.

3. Judith Conner is an individual whose last known address is 1930 Anderson Rd., Falls Church, VA 22043. Service may be perfected upon Ms. Conner by serving her personally at her home address.

4. Jaqueline C. Lind is an individual whose last known address is 2904 Brighton Beach Pl. Apt. 103, Virginia Beach, VA 23451-1287. Service may be perfected upon Ms. Lind by serving her personally at her home address.

## JURISDICTION AND VENUE

5. Jurisdiction for this action is proper under 28 U.S.C. § 1335.

6. In order for this court to have jurisdiction over this action, at least two defendants must be citizens of different States as defined in 28 U.S.C. § 1332(a) or (c), and the value of the property in controversy must be at least $500.

7. Carol Sauer is a citizen of the State of Texas.

8. Judith Conner is a citizen of the State of Virginia.

9. Jacqueline C. Lind is a citizen of the State of Virginia.

10. The property in controversy is worth $ 15,450.44

11. Therefore, at least two defendants are citizens of different states as defined in 28 U.S.C. § 1332(a) or (c), and the value of the property in controversy exceeds $500.

12. Venue is proper in this Court under 28 U.S.C. § 1397 because at least one claimant, Carol Sauer, resides in Travis County, Texas, which is located in this court's judicial district.

## STATEMENT OF INTERPLEADER ACTION

13. In or around 2004, Carol Sauer underwent a pelvic mesh implant surgery in the state of Florida. Later that year, she underwent a second surgery, during which time part of that implant was removed and a second implant was placed. All implants were manufactured by Ethicon.

14. Following the surgeries, Ms. Sauer experienced personal injuries related to the Ethicon pelvic mesh implants.

15. Ms. Sauer sued Ethicon, the manufacturer of her pelvic mesh products, for the injuries she suffered. Her husband, Mr. Connell, was listed as a loss of consortium plaintiff in her lawsuit.

16. Ultimately, a single settlement offer was made to settle all claims asserted by Ms. Sauer and Mr. Conner related to the pelvic mesh implanted in Ms. Sauer.

17. On or about August 17, 2018, Ms. Sauer signed the authorization to settle her claims against Ethicon, as part of an aggregate settlement. In addition, Mr. Conner's daughter, Judith Conner, as Power-of-Attorney for Mr. Conner, signed the authorization to settle the claims. At the time all parties agreed to the settlement amount, there was no stated allocation of settlement funds as between Ms. Sauer's personal injury claims and Mr. Conner's loss of consortium claims. Rather, it was a single aggregate settlement offer, accepted by both plaintiffs.

18. On or about March 25, 2019, William Conner passed away. He and Ms. Sauer were still married at the time of his passing but they were no longer living together.

19. According to the Law Will and Testament of William H. Conner, Mr. Conner's daughter, Judith Conner, was appointed as the personal representative of his estate. The Will further provided that if Ms. Conner is unable or unwilling to serve as personal representative, then Mr. Conner's other daughter, Jacqueline C. Lind, shall serve as personal representative of the estate.

20. Mr. Conner's Will did not include a bequest for any settlement proceeds. However, according to the Will, the residue of the estate was to be added to the principal of The William H. Conner Revocable Living Trust dated 4/29/2009.

21. After learning that Mr. Conner had passed, Plaintiff in Interpleader, the law firm of Wagstaff & Cartmell, plaintiffs' mesh litigation legal counsel, contacted Ms. Conner

regarding estate paperwork which would allow the parties to allocate settlement funds between the claims originally asserted by Ms. Sauer and Mr. Conner, as well as would allow for the distribution of any settlement funds ultimately directed to Mr. Conner's estate.

22. Despite multiple attempts by counsel to discuss estate-related information and requirements, Ms. Conner has been unwilling to provide counsel with estate-related paperwork and/or to negotiate an allocation of settlement funds between Ms. Sauer and Mr. Conner's estate. Based on the communications, it seems that Ms. Conner is demanding that 100% of net settlement proceeds be sent to her, directly.

23. Upon information and belief, an estate has never been opened for William Conner.

24. Upon information and belief, neither Judith Conner nor Jacqueline Lind have been appointed by a court as the personal representative of an estate for Mr. Conner.

25. After the deduction of case expenses, attorney's fees, and liens, the total net amount of the settlement is $15,450.44.

26. Upon information and belief, none of the claimants dispute the amount of case expenses, attorney's fees, or liens. Rather, the dispute at hand involves the net amount of $15,450.44.

27. Accordingly, Plaintiff in Interpleader has been placed in an untenable position with regard to the disbursement of the settlement funds because an agreed-upon allocation of the settlement funds cannot be reached unless someone has authority to act on behalf of Mr. Conner's estate and is willing to negotiate an allocation of settlement funds between Ms. Sauer and Mr. Conner.  Further, estate-related paperwork will be necessary to allow for payment of any

funds ultimately owed to Mr. Conner's estate, and Plaintiff in Interpleader remains in an untenable position until such paperwork has been provided.

28. Plaintiff in Interpleader intends to deposit the full amount of funds, $15,450.44, into the registry of the court, following service of all parties to this action and upon leave and order by this Court as pursuant to Fed. R. Civ. Pro. 22 and Local Rule CV-67 of the United States District Court for the Western District of Texas.

29. Plaintiff in Interpleader has insufficient information to determine the amount that should be allocated to Ms. Sauer versus the amount that should be allocated to Mr. Conner's estate, and also has insufficient information to allow for release of settlement funds to someone acting on behalf of Mr. Conner's estate.

## **RELIEF**

30. The Plaintiff in Interpleader requests that:

a. Each Defendant in Interpleader be restrained from instituting any action against the Plaintiff in Interpleader for recovery of the property or any part of it;

b. The Defendants in Interpleader be required to interplead and settle among themselves their rights to the property and that the Plaintiff in Interpleader be discharged from all liability;

c. Plaintiff in Interpleader, who has expended time and costs associated with the filing of this Interpleader action, be granted reasonable fees and costs associated with properly filing this Complaint; and

d. The Court grant any further relief as may be just and proper under the circumstances of this case.

Date: November 9, 2021

Respectfully Submitted;

**FREESE & GOSS, PLLC**

/s/ Kevin L. Edwards
**Kevin L. Edwards**
Texas Bar No. 24040853
**FREESE & GOSS, PLLC**
3500 Maple Ave., Suite 1100
Dallas, TX  75219
Ph: (214) 761-6610
Fax: (214) 761-6688
Email: Kevin@freeseandgoss.com


**WAGSTAFF & CARTMELL, L.L.P**
Vanesa H. Gross (pro hac vice forthcoming)
Missouri Bar No. 61250
**WAGSTAFF & CARTMELL L.L.P.**
4740 Grand Ave. Suite 300
Kansas City, Missouri 64112
Ph: (816) 701 – 1100
Email: vgrass@wcllp.com
