UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAROL SAUER,<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:21-CV-01023-DII |
| JUDITH CONNER,<br>*Defendant* | §<br>§ | |

### ORDER

Now before the Court are Defendant's Motion Request for Production of Documents, filed September 18, 2023 (Dkt. 37), and Defendant's Motion for Continuance, filed October 10, 2023 (Dkt. 39). By Text Orders issued October 11 and October 17, 2023, respectively, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

#### I. Background

Missouri law firm Wagstaff & Cartmell, LLP filed a complaint for interpleader against Carol Sauer, Judith Conner, and Jacqueline Lind on November 12, 2021. Dkt. 1. The law firm represented Sauer and her husband, William Conner, in pelvic mesh implant litigation. *Id.* ¶¶ 15, 21. Sauer and Judith Conner, as power-of-attorney for her father, signed authorization to settle the claims on August 17, 2018 in a single aggregate settlement with "no stated allocation of settlement funds as between Ms. Sauer's personal injury claims and Mr. Conner's loss of consortium claims." *Id.* ¶ 17.

Mr. Conner passed away on March 25, 2019. *Id.* ¶ 18. His will provided that Judith Conner was appointed as his personal representative, with his other daughter, Lind, to serve if Ms. Conner

was unable or unwilling. *Id.* ¶ 19. The law firm alleges that no estate had been opened for Mr. Conner; neither Ms. Conner nor Lind has been appointed as personal representative of an estate for him; and that:

> Despite multiple attempts by counsel to discuss estate-related information and requirements, Ms. Conner has been unwilling to provide counsel with estate-related paperwork and/or to negotiate an allocation of settlement funds between Ms. Sauer and Mr. Conner's estate. Based on the communications, it seems that Ms. Conner is demanding that 100% of net settlement proceeds be sent to her, directly.

*Id.* ¶ 22. The firm also alleged that it had "insufficient information to determine the amount that should be allocated to Ms. Sauer versus the amount that should be allocated to Mr. Conner's estate, and also has insufficient information to allow for release of settlement funds to someone acting on behalf of Mr. Conner's estate." *Id.* ¶ 29.

In her answer, Lind stated that she "does not assert a right to property." Dkt. 12.

The Court granted the firm's motion and deposited the settlement proceeds, $15,450.44, into the Court's registry. Dkt. 19. The Court subsequently dismissed Lind and Wagstaff & Cartmell and realigned the parties with Sauer as plaintiff and Ms. Conner as defendant to proceed to the second stage of this case, which determines the parties' "respective rights to the disputed funds." Dkt. 26 at 1.

## II.    Request for Production

In her request for production, Ms. Conner states that she "cannot affirm the total net amount of the settlement." Dkt. 37 at 1. She moves the Court to order Wagstaff & Cartmell to release all information to William Conner's heirs and "give the full accounting of the Settlement amount and a summary reconciliation of the deductions with sufficient detail so that a fair assessment can be made on ownership/accounting of the Settlement amount." *Id.* at 2. Ms. Conner seeks no relief from Sauer, who did not respond to the motion.

2

Before seeking relief from the court, a party must attempt in good faith to obtain discovery without court action. FED. R. CIV. P. 37(a)(1). Although she indicates that she has asked for information from Wagstaff & Cartmell, which is no longer a party to this litigation, Ms. Conner does not show that she has attempted to obtain the documents she seeks either through discovery requests or a subpoena to the law firm. *Pro se* litigants, like all other parties, must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted). For these reasons, Defendant's Motion Request for Production of Documents (Dkt. 37) is **DENIED**.

### III.   Motion for Continuance

In her Motion for Continuance, Ms. Conner asks the Court to extend her deadline to submit a written offer of settlement to Sauer from November 13, 2023 to February 13, 2024 "so that she may explore all avenues of procuring a detailed accounting of the settlement agreement," which she states will "ultimately lead to successful negotiations between parties and a speedy resolution." Dkt. 39 at 2-3. As Sauer failed to respond to the motion, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Continuance (Dkt. 39) under Local Rule CV-7(d)(2). Paragraph 2 of the Scheduling Order (Dkt. 35) is **hereby AMENDED** as follows:

> The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **December 14, 2023**, and each opposing party shall respond, in writing, on or before **December 28, 2023**. *All offers of settlement are to be private, not filed.* The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of the trial.

3

**All other dates in the Court's Scheduling Order remain as set.**

Any other relief not expressly granted herein is **DENIED**.

**IT IS ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

**SIGNED** on November 9, 2023.

                                                  SUSAN HIGHTOWER
                                                  UNITED STATES MAGISTRATE JUDGE