# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CAROL SAUER,<br>   *Plaintiff* | §<br>§<br>§ |
| v. | §     Case No. 1:21-CV-1023-DII |
| | §<br>§ |
| JUDITH CONNER,<br>   *Defendant* | §<br>§ |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**    **THE HONORABLE DISTRICT COURT**

Now before the Court are Defendant's Motion to Dismiss on Technical Errors, filed November 13, 2023 (Dkt. 44); Plaintiff's Combined (A) Response to Defendant Judith Connor's Motion to Dismiss [Dkt. 44], and (B) Cross-Motion for Dismissal of Defendant Judith Conner with Prejudice, filed November 15, 2023 (Dkt. 45); Defendant's Motion for Dismissal Without Prejudice, filed November 20, 2023 (Dkt. 49); Plaintiff's Response Opposing Defendant's Motion for Dismissal Without Prejudice [Dkt. 49], filed December 2, 2023 (Dkt. 50); Defendant's Motion for Dismissal, filed December 8, 2023 (Dkt. 51); and Plaintiff's Response Opposing Defendant's Motion for Dismissal [Dkt. 51], filed December 15, 2023. By Text Orders entered November 17, November 27, and December 12, 2023, the District Court referred the motions and related filings to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

I.  **Background**

Wagstaff & Cartmell, LLP ("Wagstaff") bring this statutory interpleader action under 28 U.S.C. § 1335[1] seeking to determine how a $15,450.44 settlement from a personal injury lawsuit should be allocated to three claimants.

**A. Facts**

After Carol Sauer suffered injuries from pelvic mesh implants, she sued the manufacturer of the implants, Ethicon, Inc. Amended Interpleader Complaint, Dkt. 4 ¶ 15. Sauer sought damages for her own personal injuries, and her husband, William Conner ("William"), sought damages for loss of consortium. Wagstaff represented Sauer and William in the lawsuit.

Ethicon made a single offer to settle all claims by Sauer and William. On August 17, 2018, Sauer signed an authorization to settle her claims against Ethicon. William had become ill, and his daughter Judith Conner ("Conner") signed the authorization to settle on his behalf as Power-of-Attorney. *Id.* ¶ 17. The total settlement proceeds were $15,450.44 ("Settlement Funds"). Dkt. 26 at 1. The settlement agreements did not state how the Settlement Funds would be allocated between Sauer and William. Dkt. 4 ¶ 17.

William died on March 25, 2019. *Id.* ¶ 18. He and Sauer were still married but not living together when he died. *Id.* William's Will and Testament did not include a bequest for any settlement proceeds, but did provide that "the residue of the estate was to be added to the principal of The William H. Conner Revocable Living Trust dated 4/29/2009." *Id.* ¶ 20. William's Will also provided that Conner would be appointed as the personal representative of his estate, and his other

---

[1] An interpleader action under 28 U.S.C. § 1335 allows a party ("stakeholder") who holds property that is exposed to multiple claims to join two or more parties ("claimants") asserting claims to that property in one proceeding. *Rhoades v. Casey*, 196 F.3d 592, 600 n.8 (5th Cir. 1999). Interpleader actions protect the stakeholder from multiple lawsuits and the possibility of inconsistent or multiple determinations of liability. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967).

daughter, Jacqueline C. Lind ("Lind"), would serve as the personal representative if Conner was unable or unwilling to serve. *Id.* ¶ 19. William's estate was never probated. *Id.* ¶ 23.

After learning of William's death, Wagstaff contacted Conner "regarding estate paperwork which would allow the parties to allocate settlement funds between the claims originally asserted by Ms. Sauer and Mr. Conner, as well as would allow for the distribution of any settlement funds ultimately directed to Mr. Conner's estate." *Id.* ¶ 21. Wagstaff alleges that "Ms. Conner has been unwilling to provide counsel with estate-related paperwork and/or to negotiate an allocation of settlement funds between Ms. Sauer and Mr. Conner's estate. Based on the communications, it seems that Ms. Conner is demanding that 100% of net settlement proceeds be sent to her, directly." *Id.* ¶ 22.

### B. Procedural History

Wagstaff filed this interpleader action against Conner, Lind, and Sauer[2] on November 11, 2021, and amended its complaint on September 26, 2022. Dkts. 1, 4. Wagstaff asks the Court to (1) restrain Defendants "from instituting any action against the Plaintiff in Interpleader for recovery of the property or any part of it"; (2) require Defendants "to interplead and settle among themselves their rights to the property and that the Plaintiff in Interpleader be discharged from all liability"; and (3) award reasonable attorneys' fees and costs. Dkt. 4 ¶ 30.

Lind filed her Answer on October 11, 2022, requesting dismissal from the suit because she "does not assert a right to property and therefore should not be 'required to interplead and settle among themselves their rights to the property.'" Dkt. 12 at 1. In their Answers, Sauer and Conner both claimed an interest in the Settlement Funds. Dkts. 15, 16, 33.

---

[2] Sauer is a Texas citizen and Conner and Lind are Virginia citizens. Dkt. 4 ¶¶ 7-9.

Wagstaff filed a Motion for Interpleader Deposit asking that it be allowed to deposit the Settlement Funds into the Registry of the Court. Dkt. 18. The Court granted the motion and ordered the Clerk of Court to deposit the $15,450.44 in Settlement Funds "into the Disputed Ownership Fund of the Court Registry Investment System (CRIS) where they shall remain until further order of the Court." Dkt. 19. The Settlement Funds were deposited by the Clerk into the Disputed Ownership Fund on December 6, 2022. Dkt. 22.

The Court then moved to the second stage of the interpleader action and issued an Order on May 18, 2023 (1) dismissing Wagstaff from the suit because it had completed all of its obligations as interpleader; (2) dismissing Lind from the suit "[b]ecause Lind does not assert a right to the funds at issue"; (3) ordering the parties to submit a joint proposed scheduling order within 60 days and warning them that failure to do so may result in dismissal of this action with prejudice; and (4) realigning the parties with Sauer as plaintiff and Conner as defendant. Dkt. 26 at 2-3.

Sauer filed a Motion for Entry of Scheduling Order asking the District Court to enter her proposed scheduling order because Conner refused to confer with her counsel regarding the joint proposed scheduling order. Dkt. 31. The Court ordered the parties to appear by phone for an initial pretrial conference on September 19, 2023. Dkt. 32 at 1. Conner failed to appear. Dkt. 34.

That same day, the Court entered a Scheduling Order setting deadlines including: (1) November 13, 2023 for parties asserting claims for relief to submit a written offer of settlement to opposing parties; (2) November 27, 2023 for each opposing party to respond to the settlement offers in writing; and (3) November 30, 2023 to complete all discovery. Dkt. 35. The Scheduling Order also set the case for a bench trial to commence on May 21, 2024, and warned the parties that they could face sanctions under Rule 16(f) if they "do not make timely submissions under this Order." *Id.* at 3.

4

On September 18, 2023, Conner filed a Motion for Production of Documents, asking the Court to order Wagstaff to

> release all information to the heirs of William Conner that pertains to their client William Conner and that the court require Wagstaff & Cartmell to give the full accounting of the Settlement amount and a summary reconciliation of the deductions with sufficient detail so that a fair assessment can be made on ownership/accounting of the Settlement amount.

Dkt. 37 at 2. Conner also filed a Motion for Continuance, asking the Court "to extend the November 13, 2023 and November 27, 2023 deadlines of submitting and responding to a written offer of settlement to the opposing party to February 13, 2023 so that she may explore all avenues of procuring a detailed accounting of the settlement agreement." Dkt. 39 at 2.

On November 9, 2023, the Court issued an Order (1) denying Conner's Motion for Production because she neither attempted in good faith to obtain discovery without court action nor showed that she tried to obtain the documents either through discovery requests or a subpoena to the law firm, and (2) granting the Motion for Continuance in part by extending the deadlines to submit and respond to written offers of settlement until December 14 and December 28, 2023, respectively. Dkt. 43 at 3.

**C. Motions to Dismiss**

Conner has filed three motions to dismiss over the past three months. In her "Motion to Dismiss on Technical Errors," Conner argues that she should be dismissed from this suit because of "multiple technical errors" allegedly committed by the Court, including: (1) mentioning dismissed parties in court orders; (2) not providing legal advice to her; (3) ordering her to negotiate with Sauer's counsel regarding the scheduling order; (4) listing Conner as a defendant; and (5) retaining jurisdiction over this case when "the amount in question is under $16,000" and does not meet the

$75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).[3] Dkt. 44. In her response, Sauer argues that Conner should be dismissed from this suit with prejudice under Rule 41(b) for failure to prosecute her claims and comply with court orders. Dkt. 45.

Rather than filing a response to Sauer's Cross-Motion for Dismissal addressing any of Sauer's arguments for dismissal, Conner filed a second Motion to Dismiss, asking the Court to dismiss her from this suit "without prejudice." Dkt. 49 at 2. About two weeks later, Conner filed her third Motion to Dismiss, again asking the Court to dismiss her from this suit but without stating whether she seeks dismissal with prejudice or without. Dkt. 51.

The Court issued an order on December 19, 2023, staying the case pending disposition of the motions to dismiss and ordering the parties to "stop filing dispositive motions, such as motions to dismiss, while the case is stayed and while the Court considers the currently pending motions." Dkt. 55 at 1.

## II.   Legal Standards

"A district court has broad powers in an interpleader action." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). In general, courts resolve a statutory interpleader action under 28 U.S.C. § 1335 through a two-step process. *Id.*; *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 193 (5th Cir. 2015). In the first stage, the court determines whether the prerequisites to rule or statutory interpleader have been met by examining issues such as the citizenship of the litigants, the merits of the asserted threat of multiple claims, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit. *Auto Parts Mfg. Miss.*, 782 F.3d at 193. "The burden is on the party seeking interpleader to demonstrate that the

---

[3] Conner's jurisdictional argument is misplaced. Wagstaff invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1335, not 28 U.S.C. § 1332. Under Section 1335, the stakeholder must show only (1) minimal diversity—that is, at least two of the claimants must be of diverse citizenship, and (2) the amount in controversy is "$500 or more." Because this case meets both requirements, the Court has subject matter jurisdiction over this action.

requirements are satisfied." 7 Mary Kay Kane, Federal Practice And Procedure (Wright & Miller) § 1714 (3d ed. April 2023 Update).

If the court finds that the interpleader action has been properly brought, the court moves to the second stage and "make a determination of the respective rights of the claimants." *Auto Parts Mfg. Miss.*, 782 F.3d at 193. "Absent special circumstances, this second phase will proceed like any other action." 7 Wright & Miller § 1714.

> Accordingly, when there is no genuine issue of material fact that justifies continuing to trial, the second stage may be adjudicated on a summary-judgment motion and a default judgment may be entered against a claimant who fails to appear or otherwise defend. Otherwise, the dispute will be tried. In that event, each claimant has the burden of establishing the right to the fund or property by a preponderance of the evidence.

*Id.*

### III.   Analysis

Both parties seek Conner's dismissal from this interpleader action. The only issue is whether that dismissal should be with or without prejudice. Sauer argues that Conner should be dismissed with prejudice because she has repeatedly violated court orders and failed to prosecute her case. Dkt. 53. Conner has not responded to these arguments.

Conner sought dismissal without prejudice in her second Motion to Dismiss. Dkt. 49. In her most recent Motion to Dismiss, she does not state whether she seeks dismissal with or without prejudice, but does state that she no longer pursues an interest in the Settlement Funds:

> Judith Conner is requesting a Motion to the Courts for dismissal. After recent review of emails from Mr. Conner's attorney, I Judith Conner have no clear knowledge or authority of the monies sitting in the court. It is not reflective of my knowledge and wish to be dismissed.

Dkt. 51 at 1. Conner also states that she no longer seeks any money from the Settlement Funds and that she has "let it go." *Id.* at 2.

Based on Conner's representations in her third Motion to Dismiss, her failure to comply with court orders, her failure to participate in discovery, and her general failure to prosecute her claims against the Settlement Funds, the Court agrees that Conner should be dismissed from this action with prejudice. *See Metro. Life Ins. Co. v. Carter,* No. 2:22-CV-01010-CCW, 2023 WL 5607968, at *1 (W.D. Pa. Aug. 30, 2023) (dismissing interpleader claimants where "they have renounced any and all rights to the Death Benefit" and failed to prosecute their claims); *Securian Life Ins. Co. v. Ramsey*, No. 1:17-CV-00353-MAC, 2019 WL 956799, at *1 (E.D. Tex. Feb. 26, 2019) (dismissing interpleader defendants for failure to comply with court orders and prosecute case).

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Carol Sauer's Cross-Motion for Dismissal of Defendant Judith Conner with Prejudice (Dkt. 45) and **DISMISS** Defendant Judith Conner from this suit **WITH PREJUDICE**.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendant Judith Connor's Motions to Dismiss (Dkts. 44, 49, and 51).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 1, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE